IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SHYQUALIA ESTOSHA GOTT | § | |
| | § | |
| V. | § | CASE NO. 4:14-CV-00190 |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

The Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying her claim for Disability Insurance Benefits ("DIB"). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be **AFFIRMED**.

**HISTORY OF THE CASE**

Plaintiff received supplemental security benefits based on disability as a child. It was determined that Plaintiff was no longer disabled as of June 30, 2010. Plaintiff claims entitlement to disability benefits due to a learning disorder, borderline intellectual functioning, expressive and receptive language disorder, adjustment disorder, and migraines. This determination was upheld on reconsideration by a state agency Disability Hearing Officer. Pursuant to Plaintiff's request, a hearing was held before an Administrative Law Judge (ALJ) in Dallas, Texas on May 7, 2012. Plaintiff was represented by counsel at the proceeding. At the hearing, Plaintiff, Plaintiff's mother, and the ALJ's vocational expert, Evelyn R. Hartman, testified.

On September 11, 2012, the ALJ denied Plaintiff's claim, finding that Plaintiff's disability ended on June 30, 2010, and the Plaintiff has not become disabled again since that date. (Tr. 26.) Plaintiff requested Appeals Council review, which the Appeals Council denied on January 23, 2014.

Therefore, the September 11, 2012 decision of the ALJ became the final decision of the Commissioner for purposes of judicial review under 42 U.S.C. § 405(g). *See* 20 C.F.R. § 404.981 (2005).

## **ADMINISTRATIVE LAW JUDGE'S FINDINGS**

After considering the record, the ALJ made the prescribed sequential evaluation. The ALJ made the following findings:

1. The claimant attained age 18 on February 27, 2010, and was eligible for supplemental security income benefits as a child for the month preceding the month in which she attained age 18. The claimant was notified that she was found no longer disabled as of June 30, 2010, based on a redetermination of disability under the rules for adults who file new applications.

2. Since June 30, 2010, the claimant has had the following severe impairments: learning disorder, borderline intellectual functioning, expressive and receptive language disorder, adjustment disorder, and migraines (20 CFR 416.920(c)).

3. Since June 30, 2010, the claimant did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After considering, evaluating, and analyzing, the entire record, it is my judgment that, since June 30, 2010, the claimant has had the residual functional capacity to perform a full range of work at all exertion levels but with the following nonexertional limitations: Claimant must avoid dusts, fumes, gases, odors, and other irritants that could trigger migraines. Mentally, she can learn, understand, remember, carry-out simple two to three step instructions; use simple judgment in making work related decisions and situations; relate with and interact appropriately with others, such as supervisors, co-workers, and the public, but this contact should only be incidental to the work performed; sustain attention and concentration for at least two hour intervals; and deal with and adapt to simple changes in work settings and environments.

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born on February 29, 1992 and is a younger individual age 18-49 (20 CFR 416.963).

7. The claimant has a marginal education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9. Since June 30, 2010, considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10. The claimant's disability ended on June 30, 2010, and the claimant has not become disabled against since that date (20 CFR 416.987(e) and 416.920(g)).

(Tr. 13-26).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. The Court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court is not to substitute its judgment for that of the Commissioner, and reversal is permitted only "where there is

a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below.

## SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (1987). This procedure is modified in this case but still follows the familiar five step evaluation. Under the sequential evaluation, the ALJ decides whether the claimant: (1) is not working in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals a listing in the regulations; (4) has an impairment that prevents her from doing past relevant work; and (5) has an impairment that prevents her from doing any other work. 20 C.F.R. § 404.1520. In this case, a determination was made at the final step.

## ANALYSIS

Plaintiff first complains that substantial evidence does not support the ALJ's decision that Plaintiff's impairment does not meet or equal Listing 12.05C. Listing 12.05, which is at issue in this case, addresses the impairment of mental retardation. The threshold criteria of Listing 12.05 requires that the claimant show "significantly sub-average general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.,* the evidence demonstrates an onset before age 22." 20 C.F.R. pt. 404, subpart P, app. 1 §12.05; *see also*

4

*Randall v. Astrue,* 570 F.3d 651, 660 (5th Cir. 2009) (construing listing 12.05 to require a showing of onset of the impairment prior to the age of 22). Once the claimant shows that she meets the threshold criteria of the listing, she may qualify for benefits after showing that she meets the criteria under one of four subsections to the listing. 20 C.F.R. pt. 404, subpart P, app. 1 §12.05.

At issue is whether Plaintiff's impairments medically equal the criteria under subsection (C) of the listing. Subsection 12.05(C) requires a showing that the claimant: (1) has a valid verbal, performance, or full scale Intelligence Quotient (IQ) of 60 through 70 and (2) suffers from another mental impairment or a physical impairment that imposes additional and significant work-related limitation of function. 20 C.F.R. pt 404, subpart P, app. 1 §12.05(C).

Here, the ALJ found that Plaintiff's mental impairment did not meet a listing 12.05(C), because he found that her IQ scores between 60 and 70 were not valid. An administrative law judge may make factual determinations on the validity of IQ tests. *Muse v. Sullivan*, 925 F.2d 785,790 (5th Cir. 1991). The ALJ specifically cited to Dr. Lehman's report (Tr. 326-328). In that report, Lehman states that Plaintiff's scores seem more consistent with borderline intellectual functioning and a learning disorder than mild mental retardation. He goes on to state that, without additional records, a diagnosis of mild mental retardation could not be made.

In 2008, Plaintiff was evaluated by the Lewisville Independent School District and found to have a Full Scale IQ on the Universal Non-Verbal Intelligence Test of 85 (Tr. 338). Dr. Ryser saw Plaintiff for a consultative examination in May 2010. Her Verbal IQ was 70, Performance 72 and Full Scale 68. The psychologist assessed her with borderline intellectual functioning and a GAF of 62 (Tr. 612, 614).

The ALJ also cited to prior opinions of the State Agency physicians in his analysis. The ALJ considered the paragraph B criteria as to each listing he considered, finding that Plaintiff did not meet the criteria. The ALJ noted that Plaintiff testified at the hearing that she planned to graduate from high school and then possibly enroll in either a community college or art school (Tr. 19).

The Court finds that this ALJ did a very comprehensive and impartial review of the evidence in arriving at his decision. There was substantial evidence to support his decision that Plaintiff does not meet the Listing 12.05(C) criteria.

Plaintiff also alleges as error that the ALJ incorrectly found that there were jobs in the national economy that Plaintiff could perform. Plaintiff argues that the hypothetical was defective. The hypothetical incorporates a simple one -two step level of carrying out instructions. The ALJ's RFC finding notes that Plaintiff can carry out simple two to three step instructions. Plaintiff contends that at least two of the jobs identified by the VE required a SVP of two or higher. However the VE also identified the position of garment bagger. This job requires only a SVP of 1 and would match with the ALJ's hypothetical question, even if Plaintiff is correct in her assessment that the other two jobs required more than simple step one-two instructions. A reasoning level of two under the DOT requires the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions [and d]eal with problems involving a few concrete variables in or from standardized situations." *Dictionary of Occupational Titles*, Appendix C. A reasoning level of two has repeatedly been found to be consistent with the reasoning ability to understanding simple instructions and perform simple tasks. *See Gaspard v. Social Security Administration,* 609 F.Supp.2d 607, 617 (E.D.Tex. 2009) ("a limitation of 'simple one or two-step tasks on a repetitive basis where concentration really isn't required' does not *necessarily* preclude ability to perform jobs

with reasoning levels of 2 or higher"); *Carter v. Commissioner,* 2013 WL 2318886 *9 (E.D. Tex. 2013) ("an occupational Reasoning Level of 2 or below is within the ambit of 'simple' type limitations"); *Tanner v. Astrue,* 2013 WL 149684 *3, n. 5 (E.D. Tex. 2013) ("a limitation to simple and repetitive tasks does not necessarily preclude jobs with a reasoning level of 2 or higher ..."); *Gonzalez v. Astrue,* 2012 WL 1458094 *8 (S.D.Tex. 2012) (a RFC limiting a claimant to "no more than simple repetitive tasks and occasional interaction with co-workers, supervisors and members of the general public" was not inherently inconsistent with a vocational expert's testimony that the claimant could perform jobs listed in the DOT as requiring a reasoning level of 2); *Holman v. Astrue,* 2011 WL 3847146 *9 (S.D.Tex. 2011) (concluding that a job with a reasoning level of 2 "'is consistent with a RFC to perform simple, routine, repetitive work tasks'"); *see also Hackett v. Barnhart,* 395 F.3d 1168,1176 (10th Cir. 2005) (a reasoning level of 2 under the DOT appears consistent with a limitation to "simple and routine work tasks"); *Money v. Barnhart,* 91 F. App'x 210, 215 (3rd Cir. 2004) ("[w]orking at [a] reasoning level 2 would not contradict the mandate that [the claimant's] work be simple, routine and repetitive").

The Court finds that at least two jobs met the ALJ's hypothetical. It stands to reason that a claimant limited to a step 2-3 ability to carry out a job can certainly carry out a job on a simple step 1-2 basis. Likewise, a Plaintiff is not precluded from performing jobs with reasoning levels of 2 or 3 when limited to performing 1-2 step instructions in a simple routine work environment. *See Sugas v. Astrue* , 2009 WL 1780121 (E.D. Tex. 2009). Although the Court agrees that the VE gave a wrong SVP and that the ALJ incorporated a higher reasoning in his RFC findings than in his hypothetical question, such is not the type of conflict that denies Plaintiff her due process. The jobs identified were within the parameters of the ALJ's RFC.

Plaintiff also asserts that the ALJ made no finding that the job of garment bagger exists in significant numbers. The Court disagrees (*see* Tr. 26). Moreover, the VE testified that there were approximately 311,5000 in the national economy.

The Court also overrules Plaintiff's third point of error. Essentially, Plaintiff claims that the ALJ should have incorporated the notation of Dr. Curtis that Plaintiff was markedly limited in her ability to understand, remember, and carry out detailed instructions (Tr. 641). Yet, in the narrative section, Dr. Curtis noted that Plaintiff had the ability to understand, remember, and follow simple instructions.

Plaintiff argues that there is no medical opinion that Plaintiff can understand, remember, and carry out detailed instructions in a work setting on a consistent basis. Therefore, counsel argues that the ALJ's conclusion that she can perform the jobs of document preparer and laundry worker are not supported by substantial evidence. Nevertheless, counsel does not argue that the job of garment bagger is not supported by substantial evidence. The Commissioner's burden at step five of the sequential evaluation process is satisfied by showing the existence of only one job with a significant number of available positions that the claimant can perform. *Evans v. Chater*, 55 F.3d 530, 532-33 (10th Cir. 1995).

Plaintiff also argues that the ALJ found no limitations due to Plaintiff's migraines or Plaintiff's expressive and receptive language and adjustment disorders. The ALJ found that there was no objective medical evidence of any significant limitations due to Plaintiff's alleged migraines (Tr. 24). The ALJ also noted that her headaches were related to a birth control patch and that the frequency of such had decreased to once a week (Tr. 14, 638). The ALJ also cited to medical evidence that supported his finding that there were no significant limitations caused by Plaintiff's migraines. For example, Plaintiff appeared not to be steadily taking her prescribed Elavil (Tr. 654).

8

Failure to take medication which can remedy or control a medical condition cannot serve as a basis for finding disability. *See Johnson v. Bowen*, 864 F.2d 340, 348 (5th Cir. 1988). Yet, the RFC incorporates limitations due to her migraines. In this case, the ALJ focuses and devotes considerable attention to Plaintiff's allegation of pain (Tr. 22).

As to Plaintiff's impairments due to expressive and adjustment disorders, a severity finding is a separate consideration as to a Plaitniff's RFC. The responsibility for determining a claimant's RFC lies with the ALJ. *See Villa v. Sullivan,* 895 F.2d 1019, 1023–24 (5th Cir. 1990). In other words, the consideration of whether a claimant's impairments are severe at step two is a different inquiry than an AL"s assessment of the claimant's RFC. *See Gutierrez v. Barnhart,* 2005 WL 1994289, at *9 (5th Cir. 2005) ("A claimant is not entitled to social security disability benefits merely upon a showing that she has a severe disability. Rather, the disability must make it so the claimant cannot work to entitle the claimant to disability benefits."); *Boyd v. Apfel,* 239 F.3d 698, 706 (5th Cir. 2001) ("The ALJ's finding that [the claimant] had a 'combination of impairments that is severe' did not foreclose a finding that [the claimant] had a residual functional capacity to perform a range of light work, and is not necessarily inconsistent with that finding."); *Quigley v. Astrue,* 2010 WL 5557500, at *8 (N.D. Tex. 2010).

As noted by the ALJ, Plaintiff has only shown slight difficulties with focusing, carrying out multi-step instructions, completing assignments and working at a reasonable pace and her teacher/special education case manager reported that she is able to do simple things (Tr. 19). He also notes and gives significant weight to Dr. Ryser's examination. The Court finds that, on a thorough review of the record taking into account the ALJ's considered and deliberate analysis of all the evidence, his findings are supported by substantial evidence.

# **RECOMMENDATION**

Pursuant to the foregoing, the Court RECOMMENDS that the decision of the Administrative Law Judge be **AFFIRMED.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days shall bar an aggrieved party from attacking the factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140, 106 (1985); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) (en banc).

**SIGNED this 28th day of August, 2015.**

                                                  DON D. BUSH
                                                  UNITED STATES MAGISTRATE JUDGE